**FILED**
CLERK, U.S. DISTRICT COURT
8/16/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>SEAN SCHOEPFLIN<br>  aka "Sean Fitzgerald,"<br>  aka "Sean Schoepflin II,"<br><br>            Defendant. | CR No. 2:22-cr-00374-DSF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about March 18, 2022, in Los Angeles County, within the Central District of California, defendant SEAN SCHOEPFLIN, also known as "Sean Fitgerzald" and "Sean Schoepflin II," knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1.   a Sig Sauer model P320, 9mm caliber pistol, bearing serial number 58J111339;

2.   a Sig Sauer model P320, 9mm caliber pistol, bearing serial number 58J050374;

    3.   a Sig Sauer model P320, 9mm caliber pistol, bearing serial number 58J050318;

    4.   a Sig Sauer model P320, 9mm caliber pistol, bearing serial number 58J181919;

    5.   a Sig Sauer model P328, .380 caliber pistol, bearing serial number 27B268698;

    6.   a Herbert Schmidt model 21S, .22 caliber revolver bearing serial number 522262;

    7.   a Sig Sauer model Cross, 6.5mm Creedmor caliber rifle, bearing serial number 70A007276;

    8.   a Sig Sauer model M400, 5.56mm caliber rifle bearing serial number 20L071513;

    9.   a Sig Sauer model M400, 5.56mm caliber rifle bearing serial number 20L071227;

    10.   7 rounds of Federal Cartridge Company .380 Automatic caliber ammunition stamped "FEDERAL";

    11.   100 rounds of Campanhia Brasileira de Cartuchos .380 Automatic caliber ammunition stamped "CBC";

    12.   432 rounds of 9mm Luger caliber ammunition stamped "SIG";

    13.   219 rounds of CCI/Speer 9mm Luger caliber ammunition stamped "SPEER";

    14.   266 rounds of Campanhia Brasileira de Cartuchos 9mm Luger caliber ammunition stamped "CBC";

    15.   38 rounds of 9mm Luger caliber ammunition with head stamp "F C";

    16.   6 rounds of 9mm Luger caliber ammunition stamped "R-P";

    17.   8 rounds of Remington Arms Company 9mm Luger caliber Poongsan Corporation ammunition stamped "PMC";

  18. 17 rounds of Sellier & Bellot 9mm Luger caliber ammunition stamped "S&B";

  19. 2 rounds of CCI/Speed 9mm Luger caliber ammunition stamped "BLAZER";

  20. 3 rounds of Fiocchi 9mm Luger caliber ammunition stamped "G.F.L.";

  21. 1 round of 9mm Luger caliber ammunition stamped "RWS";

  22. 9 rounds of Winchester 9mm Luger caliber ammunition stamped "WCC";

  23. 14 rounds of Winchester 9mm Luger caliber ammunition stamped "WIN";

  24. 1 round of 9mm Luger caliber ammunition stamped "FIOCCHI USA";

  25. 100 rounds of Tula Cartridge Works 9mm Luger caliber ammunition stamped "Tulammo";

  26. 20 rounds of Arms Corporation 9mm Luger caliber ammunition stamped "A USA";

  27. 95 rounds of Hornady Manufacturing Company 6.5mm Creedmore caliber ammunition stamped "HORNADY";

  28. 655 rounds of Lake City Army Ammunition 5.56mm caliber ammunition stamped "L C";

  29. 1,640 rounds of Lake City Army Ammunition Plant 5.56mm caliber ammunition stamped "L C."

  Defendant SCHOEPFLIN possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year:

1. Tampering with a Witness, in violation of Florida Statute Section 914.22(1), in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9900699CFAWS, on or about November 23, 1998 and June 1, 1999;

2. Possession of Cocaine, in violation of Florida Statute Section 893.13, in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9803036CFAWS, on or about November 23, 1998 and June 1, 1999;

3. Burglary, in violation of Florida Statute Section 810.02(4)(A), in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9801823CFAWS, on or about November 23, 1998 and June 1, 1999;

4. Burglary, in violation of Florida Statute Section 810.02(4)(B), in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9801715CFAWS, on or about November 23, 1998 and June 1, 1999;

5. Burglary, in violation of Florida Statute Section 810.02, and Grand Theft, in violation of Florida Statute Section 812.014(2)(C)(1), in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9801684CFAWS, on or about November 23, 1998 and June 1, 1999; and

6. Burglary, in violation of Florida Statute Section 810.02(4)(A), in the Sixth Judicial Circuit Court of Florida, County of Pasco, case number CRC9801443CFAWS, on or about November 23, 1998 and June 1, 1999.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction on the offense set forth in this Indictment.

2. If so convicted, defendant shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

//
//
//

1 been placed beyond the jurisdiction of the court; (d) has been
2 substantially diminished in value; or (e) has been commingled with
3 other property that cannot be divided without difficulty.

A TRUE BILL

/s/
---
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

SOLOMON KIM
Assistant United States Attorney
Terrorism and Export Crimes
Section