E. MARTIN ESTRADA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Terrorism and Export Crimes
ALI MOGHADDAS (Cal Bar No. 305654)
Assistant United States Attorney
Major Frauds
     1500/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2450
     Facsimile: (213) 894-0140
     E-mail:  solomon.kim@usdoj.gov
     E-mail:  ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-374-FMO-1 |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION; DECLARATION OF SOLOMON KIM; EXHIBITS |
| v. | |
| SEAN SCHOEPFLIN, | |
| Defendant. | Hearing Date: October 14, 2022<br>Hearing Time: 4:00 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Solomon Kim and Ali Moghaddas, hereby files its Opposition to Defendant's Motion to Dismiss for Vindictive Prosecution.

///

///

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, the declaration of Solomon Kim, and such further evidence and argument as the Court may permit.

DATED: September 27, 2022

E. MARTIN ESTRADA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


 __/s/_____
SOLOMON KIM
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is now defendant's second attempt to dismiss charges against him based on the government's allegedly improper addition of new charges following his rejection of a plea offer -- first, in the related case concerning defendant's theft of hundreds of thousands of dollars in COVID-19 relief loans (No. 22-CR-121-FMO, Dkt. 76), and now, in this matter for his illegal possession of firearms and ammunition.  While defendant couches his motions to dismiss under different legal theories (one for outrageous government conduct and the other for vindictive prosecution), the conclusion remains the same in both: nothing about the government's conduct was improper. As made clear in the government's opposition to defendant's motion to dismiss for outrageous government conduct, the government's filing of new charges following defendant's rejection of a plea offer was entirely consistent with binding Supreme Court and Ninth Circuit precedent.  Defendant's motion should therefore be denied.

**II. STATEMENT OF FACTS[1]**

On March 15, 2022, the government obtained a federal search warrant of defendant's residence, which agents executed several days later.  (Declaration of Solomon Kim ("Kim Decl."), ¶ 3.)  When agents searched defendant's home, they found, among other items, multiple firearms and ammunition.  (Id.)

---

[1] Because defendant's instant motion concerns the same set of facts that pertain to defendant's motion to dismiss for outrageous government conduct in his related case, the government incorporates by reference the statement of facts from the government's opposition to defendant's motion to dismiss for outrageous government conduct. (See No. 22-CR-121-FMO, Dkt. 76.)

1  Following the search warrant execution, on April 4, 2022, a
2  federal grand jury returned an indictment against defendant for wire
3  fraud and money laundering arising from defendant and his codefendant
4  Erika Leon's theft of COVID-19 relief loans ("COVID-19 Loan Fraud
5  Case"). (Id. ¶ 4.)  The government did not initially charge
6  defendant for the unlawful possession of the firearms and ammunition.
7  Instead, starting as early as May 2022, the government reached
8  out to then-defense counsel, Deputy Federal Public Defender ("DFPD")
9  Deborah Gonzalez, to discuss a potential proffer session with
10 defendant regarding the offense conduct. (Id. ¶ 5.)  The government
11 informed DFPD Gonzalez that the government intended to charge her
12 client, who was a convicted felon, with being a felon in possession
13 of ammunition and firearms. (Id.)  However, the government told DFPD
14 Gonzalez that it would hold off on doing so in the event defendant
15 was interested in participating a proffer with the government and
16 reaching a disposition in this matter. (Id.)  On May 12, 2022, DFPD
17 Gonzalez informed the government that defendant objected to a
18 continuance of the trial date beyond June 24, 2022. (Id. ¶ 6.)
19 Sometime thereafter, DFPD David Wasserman substituted in as
20 counsel for defendant. (Id. ¶ 7.)  The government extended the same
21 invitation to participate in a proffer to DFPD Wasserman. (Id.) ▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28

1        On August 1, 2022, DFPD Wasserman confirmed to the government
2   that defendant still was not interested in participating in a proffer
3   session.  (Id. ¶ 9.)  In response, the government emailed DFPD
4   Wasserman stating that it would likely be sending over a plea
5   agreement for defendant's consideration.  (Id., Ex. 1.)  The
6   government also noted in its email that it intended to charge
7   defendant with being a felon in possession of firearms and ammunition
8   should the case proceed to trial.  (Id.)
9        Two days later, on August 3, 2022, following a request by DFPD
10  Wasserman, the Court appointed Kristen Richards as defendant's new
11  counsel.  (Id. ¶ 10.)  That same day, the government emailed Ms.
12  Richards a plea agreement in which the government agreed not to file
13  charges against defendant stemming from the firearms and ammunition
14  found at his residence on March 18, 2022, should defendant accept the
15  plea offer.  (Id., Ex. 2.)  Due to the upcoming trial date of
16  September 13, 2022, the government provided a response deadline of
17  August 10, 2022.  (Id.)
18       Due to a conflict with Ms. Richards, the Court appointed
19  defendant his current counsel, Gerald Salseda, on August 5, 2022.
20  (Id. ¶ 12.)  That same day, the government forwarded both its prior
21  email and plea agreement to Mr. Salseda in an email.  (Id., Ex. 3.)
22  Because Mr. Salseda had just been appointed, the government extended
23  the plea deadline to August 12, 2022.  (Id.)  The government also
24  offered to provide Mr. Salseda more time to consider the plea so long
25  as the trial was continued.  (Id.)  The government never received a
26  signed plea agreement, and Mr. Salseda never asked for more time to
27  consider the plea offer.  (Id. ¶ 14.)
28

On August 16, 2022, a federal grand jury returned the instant indictment against defendant for being a felon in possession of firearms and ammunition. (Id. ¶ 15.)

### III. ARGUMENT

Both the Supreme Court and the Ninth Circuit have repeatedly held that it is not vindictive to file additional charges following a defendant's rejection of a plea offer. Here, the government did just that and was transparent from the start about its plans to bring additional charges if a resolution was not reached. "As a matter of law, the filing of additional charges to make good on a plea bargaining threat . . . will not establish the requisite punitive motive [for a claim of vindictive prosecution]. In the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." United States v. Kent, 649 F.3d 906, 914 (9th Cir. 2011) (alterations and quotation marks omitted) (citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)); United States v. North, 746 F.2d 627, 632 (9th Cir. 1984) ("The government may, in the course of plea bargaining, offer to reduce charges or threaten reindictment under more serious charges, and it may make good on either promise."); see also Bordenkircher, 434 U.S. at 365 ("We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment."); United States v. Goodwin, 457 U.S. 368, 380 (1982) ("An initial indictment -- from which the prosecutor embarks on a course of plea negotiation -- does

1 not necessarily define the extent of the legitimate interest in
2 prosecution. For just as a prosecutor may forgo legitimate charges
3 already brought in an effort to save the time and expense of trial, a
4 prosecutor may file additional charges if an initial expectation that
5 a defendant would plead guilty to lesser charges proves unfounded.").
6 The government's plea negotiations in this case therefore were not
7 vindictive in any way.

8 Rather than explain how his claim can withstand the merits and
9 binding nature of the aforementioned cases, defendant cites and
10 relies on general principles concerning vindictive prosecution in
11 support of his motion. (See generally Dkt. 17 at 5-7.) Ironically,
12 many of the cases that defendant himself cites reiterate that the
13 filing of new charges after plea negotiations fail do not constitute
14 vindictive prosecution. See, e.g., United States v. Groves, 571 F.2d
15 450,453 (9th Cir. 1978) (citing Bordenkircher, 434 U.S. 357)
16 (distinguishing case from one in which new charges are properly filed
17 after failed plea negotiations).

18 Defendant's argument that the government filed additional
19 charges in retaliation for his assertion of his speedy trial rights
20 is belied by the record. Defendant asserted his speedy trial rights
21 by objecting to a trial continuance for the first time on May 12,
22 2022. (Kim Decl., ¶ 6.) In response, the government did not file
23 any additional charges. Instead, the government continued to provide
24 defendant the opportunity to resolve the case for three months as the
25 parties discussed the potential of a proffer and plea agreement.
26 Indeed, defendant does not (and cannot) dispute that a formal plea
27 agreement was extended to him even after he objected to a trial
28 continuance. However, despite this plea offer, defendant neither

accepted it nor asked for additional time to consider it. Accordingly, the government's decision to add the felon-in-possession charge after defendant rejected the government's repeated attempts to resolve his COVID-19 Loan Fraud Case was not vindictive.

Furthermore, defendant's attempt to bolster his claim of vindictive prosecution by characterizing the government's one-week deadline for consideration of the plea offer as being "patently unreasonable" fails. (See Dkt. 17 at 6.) As with his prior motion, defendant fails to cite a single case holding that a one-week deadline (or any other plea deadline) constitutes vindictive prosecution or otherwise improper conduct. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain."). Moreover, defendant's complaint about the one-week deadline rings hollow given that he never previously objected nor requested an extension of that deadline.[2]

While defendant never requested an extension of any kind, he complains that the government was only willing to extend the plea offer date if defendant agreed to continue the trial date, seemingly to suggest that defendant would have asked for more time to consider the plea if he could have. Not so. The government never conditioned the extension of defendant's plea deadline on his agreement to continue the trial date. (See Kim Decl., Ex. 3.) Rather, as stated in its email, and given the impending trial date, the government

---

[2] Defendant also knew for months that a plea offer along these lines was forthcoming as the government repeatedly told defense counsel that the government would hold off filing the felon-in-possession case to determine if the parties could reach a resolution in the COVID Loan Fraud Case.

advised that it was willing to continue the plea deadline "so long as the trial date is continued," which could have occurred if codefendant Leon, for example, sought another continuance.  In any case, while defendant never sought an extension, there would be nothing unreasonable about conditioning an extension of the time to consider a plea offer on a trial continuance, to conserve resources of the parties and the Court, and avoid preparing for trial unnecessarily.  Because the government's plea negotiations were proper and done consistent with binding precedent, defendant's motion should be denied.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to dismiss.